UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRANDON MOBLEY     Plaintiff,

v.     Civil Action No. 3:18-cv-P833-RGJ

LOUISVILLE METRO DEPT. OF CORRECTIONS     Defendant

* * * * *

## MEMORANDUM OPINION

Plaintiff Brandon Mobley, a *pro se* prisoner, filed this 42 U.S.C. § 1983 civil-rights action. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

## I. STATEMENT OF CLAIMS

At the time he filed his complaint, Plaintiff was incarcerated at the Louisville Metro Department of Corrections (LMDC), which he names as Defendant. His complaint states that he was previously incarcerated at the Community Corrections Center in Louisville where he began working on the road crew on July 5, 2018, with an agreement "that after working 20 consecutive days Monday through Friday my previous booking fees and debts were to be paid off, cleared and I was to receive $12.00 a day for the 20 consecutive and everyday worked." He states that he worked 32 days at $12.00 along with a few days on which he worked "doing sanitation" for $4.00 a day. Plaintiff states that he has yet to be paid, which he has been told is due to a change in computer systems.

Plaintiff asks for $412.00 in monetary damages and $550.00 in punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not have a constitutional right to receive wages for work performed in a prison work assignment. The Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g., Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (holding that there is no constitutional right to prison employment); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Morever, "as the Constitution and federal law do not create a property right for

inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).

Even if Plaintiff had a property right to his wages under state law, he does not state a due process claim because he does not allege that available post-deprivation remedies were inadequate to remedy his loss. Under *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986), a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Plaintiff does not allege that state post-deprivation remedies are inadequate. Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of the due-process claim. *See Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
    Defendant
A961.009